*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHIGAN HEAD & SPINE INSTITUTE, PC, and VHS OF MICHIGAN, INC., doing business as DETROIT MEDICAL CENTER,

    Plaintiffs,

and

JESSE GARRETT,

    Intervening Plaintiff-Appellant,

and

MEDCARE INC., doing business as SPINAL RECOVERY CENTER,

    Intervening Plaintiff,

v

MICHIGAN ASSIGNED CLAIMS PLAN and UNNAMED ASSIGNEE OF THE MACP,

    Defendants-Appellees.

UNPUBLISHED
December 17, 2019

No. 344955
Wayne County Circuit Court
LC No. 16-014894-NF

MICHIGAN HEAD & SPINE INSTITUTE, PC,

    Plaintiff-Appellant,

and

VHS OF MICHIGAN, INC., doing business as DETROIT MEDICAL CENTER,

    Plaintiff,

-1-

and

JESSE GARRETT, and MEDCARE, INC., doing
business as SPINAL RECOVERY CENTER,

       Intervening Plaintiffs,

v

MICHIGAN ASSIGNED CLAIMS PLAN and
UNNAMED ASSIGNEE OF THE MACP,

       Defendants-Appellees.

No. 345010
Wayne County Circuit Court
LC No. 16-014894-NF

---

MICHIGAN HEAD & SPINE INSTITUTE, PC,

       Plaintiff,

and

VHS OF MICHIGAN, INC., doing business as
DETROIT MEDICAL CENTER,

       Plaintiff-Appellant,

and

JESSE GARRETT, and MEDCARE, INC., doing
business as SPINAL RECOVERY CENTER,

       Intervening Plaintiffs,

v

MICHIGAN ASSIGNED CLAIMS PLAN and
UNNAMED ASSIGNEE OF THE MACP,

       Defendants-Appellees.

No. 345012
Wayne County Circuit Court
LC No. 16-014894-NF

---

Before: BECKERING, P.J., and BORRELLO and M. J. KELLY, JJ.

PER CURIAM.

In this no-fault case, plaintiffs Michigan Head & Spine Institute, PC (MHSI), and VHS of Michigan, Inc., doing business as Detroit Medical Center (DMC), as well as intervening plaintiff Jesse Garrett, appeal as of right and challenge the trial court's dismissal of their claims against defendants Michigan Assigned Claims Plan (MACP), which is maintained by the Michigan Automobile Insurance Placement Facility (MAIPF), and an unnamed insurer to whom it was anticipated MAIPF would assign Garrett's claim.[1] MHSI, DMC, and Garrett also challenge the trial court's refusal to allow them an opportunity to amend their complaints. For the reasons set forth in this opinion, we reverse and remand for further proceedings.

## I. BACKGROUND

MHSI and DMC initiated this action in a jointly filed one-count complaint alleging that they were entitled under the no-fault act, MCL 500.3101 *et seq.*, to recover for medical services and accommodations provided to Garrett to treat injuries he suffered in a motor vehicle collision and that MAIPF was required to "assign a carrier to provide No-Fault benefits to a claimant if no personal protection insurance applicable to the injury is available" but "breached its statutory obligation to assign an insurer carrier to process claims arising out of the September 6, 2016 motor vehicle accident, as provided by MCL 500.3174." MHSI and DMC also named the yet-to-be-assigned insurer as a defendant. Garrett successfully moved to intervene and, in his intervening complaint, alleged in relevant part that MAIPF "has failed to assign Intervening Plaintiff's claim for no-fault benefits to an insurer, violating its duties under MCL 500.3171, MCL 500.3172, MCL 500.3173, MCL 500.3174, and MCL 500.3175." Garrett likewise alleged that MAIPF was "liable to Intervening Plaintiff for the claimed benefits should [it] continue to violate its statutory duty to assign Intervening Plaintiff's claim to an insurer." Like MHSI and DMC, Garrett also named the yet-to-be-assigned insurer as a defendant. MAIPF answered the plaintiff's complaint, but did *not* timely answer Garrett's intervening complaint.

As the case progressed, MHSI and DMC moved to compel the assignment of an insurer, but the trial court denied the motion without prejudice.

MHSI and DMC subsequently filed an "emergency" motion for leave to amend their complaint, seeking to allege that they possessed standing by assignment in light of *Covenant Med Ctr, Inc v State Farm Mut Auto Ins Co*, 500 Mich 191; 895 NW2d 490 (2017). In *Covenant*, our Supreme Court held that the no-fault act did not provide healthcare providers with a statutory direct cause of action against no-fault insurers to recover personal protection insurance (PIP) benefits. *Id.* at 196. The *Covenant* Court also stated, however, that its holding was "not intended to alter an insured's ability to assign his or her right to past or presently due

---

[1] MAIPF maintains the MACP. See MCL 500.3171(2) ("The Michigan automobile insurance placement facility shall adopt and maintain an assigned claims plan . . . ."). Although all plaintiffs named MACP as the defendant in this matter, MAIPF asserts that it, not the MACP, is the "entity with the capacity to be sued and, for all intents and purposes, should be considered the actual Defendant in this case." Accordingly, we will refer to MAIPF as the relevant defendant and to the MACP to the extent it is necessary to address the plan itself.

benefits to a healthcare provider." *Id*. at 217 n 40. MAIPF opposed the motion for leave to amend, contending that the "emergency" motion was prejudicial because of "undue delay" and that the amendment would be "futile." With respect to delay, MAIPF argued that the parties had been litigating the case for approximately one year by the time the motion to amend was filed on December 1, 2017, and that the assignments at issue were executed in September 2016, February 2017, and June 2017—15 months, 10 months, and 6 months, respectively, before the "emergency" motion was filed. With respect to futility, MAIPF argued that amending the complaint would be futile because it was entitled to have its pending motion for summary disposition, which was premised on the ground that Garrett and his mother had made material misrepresentations of fact related to the case, granted in its favor. The trial court denied the emergency motion for leave to amend, without prejudice, finding that the motion was "too late, prejudicial and futile."[2] The court offered no further explanation of this ruling. At the same hearing, the trial court stated that it would take the pending motion for summary disposition under advisement.[3]

MAIPF subsequently filed additional motions for summary disposition, including one under MCR 2.116(C)(8) that is relevant to the issues raised in this appeal. In this (C)(8) motion, MAIPF first argued that MHSI's and DMC's claims failed to state a claim because the holding in *Covenant* prohibited healthcare providers from proceeding with a direct action against a no-fault insurer. MAIPF next argued that MHSI and DMC had also failed to state a claim for PIP benefits against it because (1) MAIPF was only created by statute to adopt and maintain an assigned claims plan, (2) MAIPF was not an insurer and its function was limited to reviewing and assigning eligible claims to an insurer that would be responsible for providing benefits required under the no-fault act, and (3) MAIPF therefore could not be liable as a matter of law for paying insurance benefits. Finally, MAIPF argued that its second argument (that it could not be liable for paying PIP benefits) applied with equal force to Garrett, justifying dismissal of his claim as well.

While the above (C)(8) motion was pending, Garrett requested, and the court clerk entered, a default against MAIPF on Garrett's intervening complaint based on MAIPF's failure to file an answer. The default was entered on March 26, 2018. MAIPF then filed a responsive pleading the next day. Three days later, the parties stipulated to set aside the default and the court entered an order to that effect. Once the default was set aside, MAIPF refiled its answer and affirmative defenses on April 9, 2018.

Meanwhile, MHSI and DMC opposed MAIPF's (C)(8) motion, arguing first that their claims could proceed based on a valid assignments of benefits received from Garrett and that leave to amend their complaint should be granted to reflect that their standing was based on an assignment. MHSI and DMC, citing MCR 2.116(I)(5), argued that granting leave to amend was

---

[2] MHSI and DMC filed an application for leave to appeal that decision in this Court, which was denied. See *Mich Head & Spine Institute PC v Mich Assigned Claims Plan*, unpublished order of the Court of Appeals, entered April 6, 2018 (Docket No. 342537).

[3] This summary disposition motion is not at issue in this appeal and will not be further discussed.

warranted. MHSI and DMC argued that MAIPF would not be prejudiced because the amendment would only clarify their standing and would not otherwise change the nature of the underlying claims at issue in the lawsuit. Next, with respect to MAIPF's claim that it could not be liable for paying insurance benefits as a matter of law, MHSI and DMC argued that MCL 500.3172 specifically provides for claimants to obtain PIP benefits through the assigned claims plan if no personal protection insurance is applicable to the injury. MHSI and DMC further argued that the MACP Plan of Operations provided that MAIPF was ultimately responsible for indemnifying all losses and liabilities related to benefits paid under MACP and that the MAIPF could, as it did in this case, elect to defend, pay, or otherwise dispose of any claim at its own cost instead of assigning the claim. MHSI and DMC also argued that because MAIPF had refused to assign an insurer, there was no other defendant against which to timely file an action.

Garrett's arguments were largely the same with respect to opposing MAIPF's argument that it could not be held liable for PIP benefits as a matter of law. Garrett further argued that his complaint alleged that MAIPF had breached its statutory duty to assign his claim. Finally, Garrett argued that, in the alternative, he should be granted leave to amend his complaint to add a claim requiring MAIPF to assign an insurer.

In reply, MAIPF asserted that MHSI and DMC's arguments with respect to an assignment-based claim were nothing more than an attempt to undermine the trial court's earlier decision to deny them an opportunity to amend their pleading. MAIPF argued that granting leave to amend would be prejudicial to it solely because MHSI and DMC could have moved earlier than they did for leave to amend based on the assignments that they had long possessed. MAIPF also argued that it could not be held liable for monetary damages because it only had an obligation to reimburse servicing insurance carriers, not claimants, and had nonetheless already determined that Garrett was "obviously ineligible" for PIP benefits. Additionally, MAIPF admitted in its reply brief that even if summary disposition were granted on the ground that it could not be monetarily liable for paying benefits, Garrett would still be permitted to proceed in the action with attempting to require MAIPF to assign his claim because Garrett had sought this relief in his complaint. Specifically, MAIPF stated, "If the Court grants this Motion as previously done in prior cases, Plaintiff would still have a cause of action for assignment as pled in the Complaint and permitted by the statute."

The trial court granted summary disposition to MAIPF under MCR 2.116(C)(8). With respect to the *Covenant* issue, counsel for MHSI and DMC argued at the hearing that they had waited to move to amend because they "wanted an insurance company in the case so that we could do one amendment as to both . . . an insurance company and allege the assignment." Counsel further argued that the previous denial of the motion for leave to amend had been without prejudice. Additionally, counsel argued that MAIPF inexcusably delayed in filing a (C)(8) motion based on *Covenant*, that there was no actual prejudice to MAIPF if the court permitted the amendment, and delay alone was insufficient to justify denying leave to amend in the absence of such prejudice. The trial court granted MAIPF's motion for summary disposition under (C)(8) with respect to MHSI and DMC pursuant to *Covenant*. The trial court confirmed that it had already denied leave for MHSI and DMC to amend their complaint to reflect an assignment-based theory of standing because it was "late." The trial court also explained that its summary disposition ruling was based on the court being "consistent with what it did."

Additionally, the trial court again denied the request of MHSI and DMC to amend their complaint to account for the assignments.

With respect to MAIPF's argument that it could not be liable for paying PIP benefits because it was not an insurer, the trial court concluded that MAIPF was entitled to summary disposition under (C)(8) as to MHSI, DMC, and Garrett on this basis. The trial court ruled that "all claims for monetary damages" would be dismissed. The trial court appeared to impliedly rule that the only type of action that could legitimately be brought against MAIPF was one for declaratory relief requiring MAIPF to assign the claim to an insurer. The trial court accordingly dismissed the claims of MHSI, DMC, and Garrett because they did not have a specific count in their respective complaints for declaratory relief and the court viewed the complaints as seeking only monetary damages. The trial court further ruled that it "isn't going to permit an amendment at this late in the game."

## II. ANALYSIS

On appeal, MHSI, DMC, and Garrett challenge the trial court's order granting summary disposition under MCR 2.116(C)(8). As described above, the trial court's ruling was based on two grounds, one of which applied to all three plaintiff-appellants and one of which only applied to MHSI and DMC. Plaintiff-appellants also challenge the trial court's related rulings prohibiting them from amending their complaints.

## A. STANDARD OF REVIEW

"This Court reviews de novo a circuit court's summary disposition ruling." *Dalley v Dykema Gossett*, 287 Mich App 296, 304; 788 NW2d 679 (2010).

> A motion under MCR 2.116(C)(8) tests the *legal sufficiency* of a claim based on the factual allegations in the complaint. When considering such a motion, a trial court must accept all factual allegations as true, deciding the motion on the pleadings alone. A motion under MCR 2.116(C)(8) may only be granted when a claim is so clearly unenforceable that no factual development could possibly justify recovery. [*El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, ___; ___ NW2d ___ (2019) (Docket No. 157846); slip op at 6 (citations omitted).]

This Court also reviews the interpretation of the no-fault act's statutory provisions de novo. *Agnone v Home-Owners Ins Co*, 310 Mich App 522, 526; 871 NW2d 732 (2015). "The primary goal of statutory interpretation is to give effect to the intent of the Legislature." *Allstate Ins Co v State Farm Mut Auto Ins Co*, 321 Mich App 543, 551; 909 NW2d 495 (2017) (quotation marks and citation omitted). "If the language of a statute is clear and unambiguous, the statute must be enforced as written and no further judicial construction is permitted." *Id*. (quotation marks and citation omitted).

Finally, we review a trial court's decision denying leave to amend pleadings for an abuse of discretion. *Jawad A Shah, MD, PC v State Farm Mut Auto Ins Co*, 324 Mich App 182, 207; 920 NW2d 148 (2018).

B. DISCUSSION

The first ground on which the trial court granted summary disposition involved the trial court's conclusions that MAIPF could not be held liable for directly paying PIP benefits and, relatedly, that the only form of action that could be brought against MAIPF was one for declaratory relief requiring it to assign the claim to an insurer.

The no-fault act's intended purpose "is to ensure the compensation of persons injured in automobile accidents." *Allstate Ins Co*, 321 Mich App at 552 (quotation marks and citation omitted). As part of this statutory scheme, a "person entitled to claim because of accidental bodily injury arising out of the ownership, operation, maintenance, or use of a motor vehicle as a motor vehicle in this state may claim personal protection insurance benefits *through* the assigned claims plan" even when there does not appear to be any PIP coverage applicable to the injury. MCL 500.3172(1), as amended by 2012 PA 204 (emphasis added);[4] see also *Spectrum Health Hosps v Mich Assigned Claims Plan*, ___ Mich App ___, ___; ___ NW2d ___ (2019) (Docket No. 343563); slip op at 5. MCL 500.3174, as amended by 2012 PA 204, which was the version of the statute in effect when this action was commenced, instructs that "[t]he Michigan automobile insurance placement facility shall promptly assign the claim in accordance with the plan and notify the claimant of the identity and address of the insurer to which the claim is assigned" once MAIPF is timely notified by a person "claiming through the assigned claims plan." However, MAIPF is first required to "make an initial determination of a claimant's eligibility for benefits under the assigned claims plan" before assigning the claim to an insurer, and it "shall deny an obviously ineligible claim." MCL 500.3173a(1), as amended by 2012 PA 204; see also *Spectrum Health*, ___ Mich App at ___; slip op at 6-7. If MAIPF denies the claim, the "claimant shall be notified promptly in writing of the denial and the reasons for the denial." MCL 500.3173a(1), as amended by 2012 PA 204; see also *Spectrum Health*, ___ Mich App at ___; slip op at 7.

Nonetheless, this Court has previously recognized that although MAIPF assigns claims to insurers, "the claim itself [is] nonetheless being processed through MAIPF" and the servicing insurers "act on behalf of the MAIPF." *Candler v Farm Bureau Mut Ins Co of Michigan*, 321 Mich App 772, 781; 910 NW2d 666 (2017) (quotation marks and citation omitted). Thus, we concluded, such a "claim for no-fault benefits is a claim to MAIPF." *Id*.

This conclusion is further supported by the version of MCL 500.3175(1) that was in effect during the course of the proceedings below, which provided in relevant part as follows:

> The assignment of claims under the assigned claims plan shall be made according to procedures established in the assigned claims plan that assure fair allocation of the burden of assigned claims among insurers doing business in this state on a basis reasonably related to the volume of automobile liability and

---

[4] The recent amendment to this statute in 2019 PA 21, which took effect on June 11, 2019, has not substantively changed this particular rule.

personal protection insurance they write on motor vehicles or the number of self-insured motor vehicles. An insurer to whom claims have been assigned shall make prompt payment of loss in accordance with this act. *An insurer is entitled to reimbursement by the Michigan automobile insurance placement facility for the payments*, the established loss adjustment cost, and an amount determined by use of the average annual 90–day United States treasury bill yield rate . . . . [MCL 500.3175(1), as amended by 2012 PA 204 (emphasis added).]

Accordingly, we conclude that plaintiff may seek PIP benefits from MAIPF directly where MAIPF has not assigned the claim to a servicing insurer. The trial court erred by granting summary disposition in MAIPF's favor on the ground that the only type of action that could ever be brought against MAIPF was one for declaratory relief seeking to require MAIPF to assign an insurer.

Furthermore, the trial court also erred by determining that the complaints filed by MHSI, DMC, and Garrett did not sufficiently request that MAIPF be ordered to assign the claim to an insurer. The trial court erred in its focus on whether such relief had been sought in its own distinct count. See *Wiggins v City of Burton*, 291 Mich App 532, 561; 805 NW2d 517 (2011) ("Although it has become commonplace in this state for a plaintiff to assert a request for declaratory relief as a separately labeled cause of action within his or her complaint, this is technically improper because "declaratory relief is a remedy, not a claim.").

MCR 2.111(B)(1) simply requires a complaint to include a "statement of the facts, without repetition, on which the pleader relies in stating the cause of action, with the specific allegations necessary reasonably to inform the adverse party of the nature of the claims the adverse party is called on to defend." This Court has previously explained that this subrule is "consistent with a notice pleading environment" and that "[t]he primary function of a pleading in Michigan is to give notice of the nature of the claim or defense sufficient to permit the opposite party to take a responsive position." *Dalley*, 287 Mich App at 305 (quotation marks and citations omitted).

In this case, although the operative complaints did not include a specific paragraph asking MAIPF to assign an insurer in the "WHEREFORE" clause, "a complaint must be read as a whole, and it is well settled that this Court will look beyond the mere procedural labels used in the pleadings." *Wiggins*, 291 Mich App at 561. "Courts are not bound by a party's choice of labels because this would effectively elevate form over substance." *Shah*, 324 Mich App at 204 (quotation marks and citation omitted). It is clear from the face of each complaint that MHSI and DMC, as well as Garrett, alleged that MAIPF breached its statutory duty to assign an insurer or otherwise pay Garrett's PIP claims. MHSI and DMC alleged that MAIPF was required by MCL 500.3172(1) to "assign a carrier to provide No-Fault benefits to a claimant if no personal protection insurance applicable to the injury is available" and "breached its statutory obligation to assign an insurance carrier to process claims arising out of the September 6, 2016 motor vehicle accident, as provided by MCL 500.3174." Likewise, Garrett alleged that MAIPF "has failed to assign Intervening Plaintiff's claim for no-fault benefits to an insurer, violating its duties under MCL 500.3171, MCL 500.3172, MCL 500.3173, MCL 500.3174, and MCL 500.3175." Garrett also alleged that he was entitled to recover benefits from the insurer to which his claim was assigned and that MAIPF was liable for these benefits if it "continue[d] to violate

its statutory duty to assign Intervening Plaintiff's claim to an insurer." We conclude that the complaints adequately put MAIPF on notice that the claims relied on the allegation that MAIPF had breached its statutory duty to assign an insurer in this case and that MHSI, DMC, and Garrett alleged that MAIPF was required to assign the claim for benefits to an insurer.

Accordingly, the trial court erred by granting summary disposition under MCR 2.116(C)(8) on such an overly technical basis that was contrary to the principles of notice pleading applicable in Michigan. *Dalley*, 287 Mich App at 305. To the extent that the trial court or MAIPF believed that the form of this request for an order compelling MAIPF to assign the claim should have been different, the trial court should have permitted amendment of the complaints. When summary disposition is granted under MCR 2.116(C)(8), the trial court "must give the parties an opportunity to amend their pleadings pursuant to MCR 2.118, unless the amendment would be futile." *Shah*, 324 Mich App at 209 (quotation marks and citation omitted); see also MCR 2.116(I)(5). "An amendment is futile if it merely restates the allegations already made or adds allegations that still fail to state a claim." *Shah*, 324 Mich App at 209 (quotation marks and citation omitted). Leave to amend a pleading "shall be freely given when justice so requires." MCR 2.118(A)(2). In this case, permitting an amendment to the complaints for purposes of clarifying that the parties sought an order compelling MAIPF to fulfill its statutory obligations regarding assignment of the claim would not have been futile under these standards, and this amendment would have changed the complaint in form only and not substance. The trial court abused its discretion by denying leave to amend the complaints in this respect.

Finally, the trial court also erred by denying MHSI and DMC leave to amend their complaint to allege an assignment-based theory of standing. It was clear from the outset of this litigation, and the face of the complaint itself, that MHSI and DMC were claiming an entitlement to recover PIP benefits based on their respective provision of medical services and accommodations to Garrett. There is no question that their claims were derivative of any right to recover PIP benefits that Garrett may have. Allowing MHSI and DMC to amend their complaint to clarify that their standing was based on an assignment from Garrett would not have changed anything about the merits of the lawsuit or the basis on which MHSI and DMC claimed that they were entitled to relief in this case. However, it is clear from the record that the trial court denied leave to amend solely because it would have preferred that MHSI and DMC had moved to amend their complaint earlier.

"[A] motion to amend should ordinarily be denied only for particularized reasons, including undue delay, bad faith or a dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or futility." *Shah*, 324 Mich App at 208 (quotation marks and citation omitted; alteration in original). Our Supreme Court has stated, "While (a)s a general rule, the risk of substantial prejudice increases with the passage of time, in the absence of a showing of either bad faith or actual prejudice, mere delay does not warrant denial of a motion to amend." *Ben P Fyke & Sons, Inc v Gunter Co*, 390 Mich 649, 663-664; 213 NW2d 134 (1973) (quotation marks and citation omitted).

In this case, there was no record evidence that the proposed amendment to allege the existence of the assignment from Garrett would have caused any actual prejudice to MAIPF, nor is there evidence of bad faith or dilatory motive by MHSI or DMC. Counsel for MHSI and

DMC provided a reasonable explanation for the delay by indicating their desire to name an insurance company defendant in the same motion for leave to amend. MHSI and DMC had previously filed a motion to compel MAIPF to assign an insurer, but the trial court denied that motion. Therefore, the trial court abused its discretion by denying leave to amend to reflect to assignments on the sole basis of the delay in seeking the amendment. The trial court's assertions that the amendment was prejudicial and futile were not based on any further explanations or findings of fact, and such conclusions are unsupported by the record.

We reverse the trial court's order granting summary disposition under MCR 2.116(C)(8) and the trial court's denial of leave to amend the complaints.

Reversed and remanded for further proceedings. We do not retain jurisdiction. Plaintiffs having prevailed are entitled to costs. MCR 7.219(A).

/s/ Jane M. Beckering
/s/ Stephen L. Borrello
/s/ Michael J. Kelly